## COMMONWEALTH *vs.* PETER SHERMAN.

In an indictment for attempting to commit larceny from the person, an averment that the defendant did attempt to steal from the person of J. S. "the money of said J. S. being in the possession and upon the person of said J. S.," and in such attempt, and with intent to commit larceny from the person of J. S., did thrust, insert and place his hand "into the pocket of said J. S.," sufficiently charges that the pocket was a pocket in clothing which J. S. was wearing at the time of the attempt.

INDICTMENT on the Gen. Sts. *c.* 168, § 8, for attempting to commit larceny from the person; averring that the defendant on May 25, 1870, at Milford, " did attempt to steal, take and carry away from the person of Andrew Franklin, the money, goods and chattels of the said Franklin, then and there being in the possession and upon the person of the said Franklin, that being an offence prohibited by law, and in such attempt did then and there do a certain overt act towards the commission of said offence, to wit, did then and there, with intent then and there to commit the

crime of larceny from the person of the said Andrew Franklin, thrust, insert and place his, said Peter Sherman's, hand into the pocket of said Andrew Franklin, without the knowledge cf said Franklin, and against said Franklin's will, but the said Peter Sherman then and there did fail in the perpetration of said offence of committing larceny from the person of the said Franklin, as aforesaid."

In the superior court, before the jury were empanelled, *Rockwell*, J., overruled a motion of the defendant to quash the indictment as not plainly, formally and substantially setting forth any offence. The defendant was tried, and found guilty; and alleged exceptions.

*G. F. Verry*, for the defendant. The want of a direct averment of anything material, in the description of the substance, nature or manner of the offence, cannot be supplied by intendment or implication. *Commonwealth* v. *Shaw*, 7 Met. 52. The crime attempted to be charged is of an attempt to commit larceny from the person. The substantive averments must charge this fully and plainly, and a defective averment of these cannot be cured by a general clause. These averments are, that the defendant did " thrust, insert and place his hand into the pocket of said Andrew Franklin, without the knowledge of said Franklin," &c. But this might well be, and yet not constitute the offence sought to be charged. There is no averment that the pocket was on Franklin's person. The forms adjudged sufficient in *Commonwealth* v. *Bonner*, 97 Mass. 587, and *Commonwealth* v. *McDonald*, 5 Cush. 365, averred that the defendant, with intent to steal the property of a certain woman, " being in her pocket and on her person," did thrust his hand, &c.

*C. Allen*, Attorney General, for the Commonwealth.

WELLS, J. This indictment is for an attempt to commit the crime of larceny from the person. The statute punishes such an attempt when the offender " does any act towards the commission of such offence," but fails therein.

The offence attempted is sufficiently set forth, according to the decisions in *Commonwealth* v. *McDonald*, 5 Cush. 365, and *Commonwealth* v. *Bonner*, 97 Mass. 587. It was also held in *McDon-*

*ald's case*, that neither allegation nor proof was necessary, that there was any property, capable of being stolen, in the pocket or upon the person of the one against whom the attempt was made.

The objection, urged in this case, is, that it is not alleged that the pocket, into which the defendant thrust his hand, was upon the person of Franklin; and so it is not shown that any act was done "towards the commission" of the offence of larceny from the person. But the same objection was taken in *Bonner's case*, without avail. The allegation there was, that the defendant put his hand "upon the dress near and into the pocket of said woman, without her knowledge." Objection was distinctly made to the indictment as being "equivocal, and insufficient in its description of the alleged overt act." The language of the court, in the opinion, is: "The description of the offence in the indictment is sufficiently precise and unequivocal;" showing that the point was considered and adjudicated.

When an act is said to be done to the dress of a person, to the natural and ordinary understanding it would indicate the dress worn by such person. And so "the pocket of Andrew Franklin" naturally indicates a pocket in the clothing worn by him. This implication is strengthened by the preceding allegation, that it was done in attempting to steal from his person property alleged to be at the time upon his person.

A greater degree of circumstantial precision might be commendable, in criminal pleading. But we do not think this allegation is so lacking in precision as to make it uncertain what was intended to be charged.     *Exceptions overruled.*