## THOMPSON *v.* THE STATE.

CRIMINAL LAW.—*Rape.*—*Assault with Intent.*—*Evidence.*—The State may show, on the trial of an indictment for a rape, or for an assault and battery with intent to commit a rape, either by the prosecuting witness or any other witness, that the person upon whom the crime was perpetrated made complaint of the outrage soon after its commission, and when, where, and to whom it was made; but may not show the particulars of the narrative, or the person charged, though the defence may do so, and thus authorize the State to pursue the examination. The usual question on direct examination is, simply, did she make the complaint? And the answer is yes or no. The statement is only evidence in corroboration of her testimony, and not proper where she is not a witness. If evidence has been given impeaching the prosecuting witness, evidence may be given that out of court her statement has corresponded with her evidence before the jury.

APPEAL from the Shelby Circuit Court.

DOWNEY, J.—The appellant was indicted for an assault and battery with intent to ravish. He pleaded not guilty; was tried by a jury; found guilty; his motion for a new trial was overruled; and he was sentenced to hard labor in the State's prison for two years, and to pay a fine of one dollar and the costs. He appealed, and has assigned several errors, all of which, however, resolve themselves into the question as to the correctness of the ruling of the court in refusing to grant him a new trial.

The prosecuting witness stated that she had related the occurrence to her husband soon after it took place. The husband was introduced as a witness by the State in the opening of the case, and was asked this question: "State what she said as to the character of the attack that Thompson had made upon her?" The defendant objected to this question, and to any answer to it; but his objection was overruled by the court, and the witness answered, stating the particulars of the attack. In another question he was asked, "Who did she state made the attack upon her?" and notwithstanding the objection of the defendant, which was overruled, he answered, "She said Lewis Thompson."

The court instructed the jury with reference to this evi-

dence, as follows: "If you are satisfied from the evidence that immediately after the alleged commission of the offence charged, the prosecuting witness made proclamation of the alleged attack to her husband or other persons, and set on foot legal proceedings against the defendant, you may consider these facts in determining the guilt or innocence of the defendant."

These rulings of the court were clearly wrong. The character and previous deportment of the prosecuting witness, as they appear in the evidence, were so bad that little dependence could have been placed upon her statements. To make out the case by permitting the husband to narrate the circumstances of the transaction, and give the name of the defendant as the guilty party, as these were stated to him by his wife, and to charge the jury that they might consider these facts, thus narrated, in determining the guilt or innocence of the defendant, was unprecedented. Such rulings have no sanction in any well considered case. The same rule is applicable in a case of this kind as prevails in prosecutions for the crime of rape, so far as this point is concerned. The following propositions will be found sustained by the authorities, many of which we cite:

1. That the prosecutor may show by the testimony of the prosecuting witness, or that of other witnesses, that she made complaint of the outrage recently after its commission, and when, where, and to whom it was made.

2. That he cannot be allowed to prove the name of the person charged with the crime, or the particulars as narrated by her.

3. On the direct examination the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive in answer only a simple yes or no.

4. That such statement is only corroborative of her testimony, and is not evidence of the fact upon which the jury can find the defendant guilty; and when she is not a witness in the case, it is wholly inadmissible.   3 Greenl. Ev., sec. 313;

2 Bishop Crim. Proced., sec. 912; *Regina* v. *Osborne,* 1 C. & M. 622; *Regina* v. *Megson,* 9 Car. & P. 420; *Regina* v. *Alexander,* 2 Crawf. & Dix C. C. 126; *The People* v. *McGee,* 1 Denio, 19; *Stephen* v. *The State,* 11 Georgia, 225; *Johnson* v. *The State,* 17 Ohio, 593; *Laughlin* v. *The State,* 18 Ohio, 99; Roscoe Crim. Ev. 24; *Weldon* v. *The State,* 32 Ind. 81.

If the defendant desires to inquire into the particulars of such narration by the prosecuting witness, he has a right to do so, and thus open the door to both parties. If evidence has been given by the defendant impeaching the prosecuting witness, she may be supported by proving that she has, out of court, narrated the facts as she has testified to them in court. *Dailey* v. *The State,* 28 Ind. 285; *Coffin* v. *Anderson,* 4 Blackf. 395.

Other points are made in the case, but we need not consider them. It may be proper to state that the cause was not tried by the regular judge.

The judgment is reversed, and the cause remanded; to be certified to the warden of the prison, etc.

*K. M. Hord, A. Blair, J. T. Hockman,* and *L. J. Hackney,* for appellant.

*N. T. Carr* and *B. W. Hanna,* Attorney General, for the State.