## COMMONWEALTH *vs.* CARL ROOSNELL.
## SAME *vs.* SAME.

Worcester.   Oct. 4. — Nov. 22, 1886.   DEVENS & W. ALLEN, JJ., absent.

An indictment for an assault upon a female child under the age of ten years, with intent to unlawfully and carnally know and abuse her, may be maintained upon § 28 of the Pub. Sts. *c.* 202, which provides that " whoever assaults a female with intent to commit a rape shall be punished," although the child makes no resistance.

At the trial of an indictment, under the Pub. Sts. *c.* 202, § 28, for an assault upon a female child under the age of ten years, with intent to unlawfully and carnally know and abuse her, the defendant asked the judge to rule that the jury must be satisfied, not only that the defendant intended to gratify his passions on the person of the child, but that he intended to do so at all events, and notwithstanding any resistance on her part. The judge declined so to rule, and instructed the jury that they must be satisfied that the defendant made the assault with the intent charged in the indictment, and although the offence of carnally knowing and abusing may not have been committed, because of a change of intent after the assault was made, yet if the assault was made with the intent charged, they would be warranted in returning a verdict of guilty. *Held*, that the defendant had no ground of exception.

At the trial of an indictment, under the Pub. Sts. *c.* 202, § 28, for an assault upon a female child under the age of ten years, with intent to unlawfully and carnally know and abuse her, the defendant introduced evidence tending to show that, at the time relied on by the government, he was in another State than that in which the offence was alleged to have been committed. The defendant asked the judge to rule that the burden of proof was on the government to prove that the defendant was at the time and place necessary for the commission of the

crime alleged, and that, if the jury had a reasonable doubt of the defendant's presence at such time and place, the defendant must be acquitted. The judge declined so to rule, and instructed the jury that the government must prove all the allegations of the indictment beyond a reasonable doubt; and that it must be proved that the defendant was at the time and place charged in the indictment, the offence charged being one which could not be committed unless the defendant and the girl were in immediate proximity to each other. *Held,* that the defendant had no ground of exception.

TWO INDICTMENTS, each containing two counts, and alleging that the defendant, on March 22 and 23, 1886, respectively, at Fitchburg, in and upon a female child named, she being under the age of ten years, " feloniously did make an assault with intent the said " child " then and there feloniously to unlawfully and carnally know and abuse." The cases were tried together in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows:

The evidence for the government tended to prove that the defendant, on or about March 22, 1886, invited the children mentioned in the indictments to visit him at the mill where he worked, and which was situated at a considerable distance from their homes; that they consented so to do, and thereupon followed him to the mill, which he entered and locked, and, after rapping, they were admitted by him, and found him alone; that the defendant then solicited them to have sexual intercourse with him; that he lay upon a bed; and, upon his solicitation, each of the girls in turn got upon him, and he placed his private parts against hers; that one of the children, saying it hurt her, got off; that everything which was done by him was done without resistance on the part of the children; and that the same acts were repeated the next day.

There was also evidence that, upon a subsequent examination by a physician, the hymen of each child was found to be dilated on the right side downward, with a thickening of the membrane.

The defendant offered evidence tending to show that he was in Claremont, New Hampshire, on the first of the days alleged in the indictments.

The defendant asked the judge to rule as follows: " 1. The evidence does not prove the offence laid in the indictments, and the defendant must be acquitted. 2. In order to convict the defendant of the offence, as laid in the indictments, the jury must

be satisfied, beyond a reasonable doubt, not only that the defendant intended to gratify his passions on the person of the child, but that he intended to do so at all events, and notwithstanding any resistance on her part. 3. If the jury shall find that the acts done by the defendant were done without any force or violence, or with the consent of the child, the defendant must be acquitted. 4. If the defendant's intent was equivocal, the defendant must be acquitted. 5. The burden of proof is upon the Commonwealth to prove that the defendant was at the time and place necessary for the commission of the crime alleged in the indictments, and, if there existed in the minds of the jury a reasonable doubt of the defendant's presence at the time and place which the Commonwealth's evidence tended to prove, the defendant must be acquitted."

The judge refused to give any of the rulings requested, but instructed the jury that the government was bound to prove each and all of the material allegations in the indictments beyond a reasonable doubt, and, if it failed so to prove them, then the jury would not be warranted in finding a verdict of guilty, but would return a verdict of not guilty; that the jury must be satisfied that the defendant made an assault upon the girls with the intent charged in the indictments, and that intent must have been a clear and positive intent to unlawfully and carnally know and abuse them, and although the offence of carnally knowing and abusing the girls may not have been committed, and the reason why the offence was not committed may have been a change of intent after the assault was made with the intent charged in the indictments, still, if the assault was made with a clear and positive intent to carnally know and abuse the girls, it warranted the jury in finding him guilty; that if the girls were under ten years of age, and the jury must be satisfied of that fact before they could find the defendant guilty, their consent would not protect the defendant, and it was immaterial whether they did, in fact, consent, or not; and that it must, of course, be proved that the defendant was at the time and place charged in the indictments, the offence charged being one which could not be committed unless the defendant and the girls were in immediate proximity to each other. The judge gave other appropriate instructions, which were not excepted to.

The jury returned a verdict of guilty on both indictments; and the defendant alleged exceptions.

*E. P. Pierce & J. A. Stiles*, for the defendant. 1. Is the offence laid in the indictments of an assault with intent to carnally know and abuse known to the laws of the Commonwealth? The Pub. Sts. *c.* 202, § 28, provide for an assault upon a female with intent to commit a rape. Are the terms to carnally know and abuse synonymous with the term to rape? Are the two offences technically the same, differing only in mode of proof? The offence of carnal knowledge and abuse imports that the victim was under ten years of age, and was a consenting party. The offence of rape implies that the acts done were done without the consent and against the will, imports the use of force and violence, and may be committed upon any female irrespective of age, that is to say, if the crime in every other respect is complete. *Commonwealth* v. *Fogerty*, 8 Gray, 489. The offences are technically different, the one, rape, being a common law offence, the other, carnal abuse, a statutory one. *State* v. *Worden*, 46 Conn. 349, 363. The offence should have been laid as an attempt to commit the crime of carnally knowing and abusing, under the Pub. Sts. *c.* 210, § 8. *State* v. *Pickett*, 11 Nev. 255. Or as a misdemeanor at common law. *Regina* v. *Martin*, 9 Car. & P. 213. *Regina* v. *Ryland*, 11 Cox C. C. 101.

The evidence in the case at bar shows affirmatively the entire absence of intent on the part of the defendant to carnally know and abuse the children, or either of them, and is not to be distinguished from *Rex* v. *Nichol*, Rus. & Ry. 130, and *Commonwealth* v. *Merrill*, 14 Gray, 415. The jury should have been instructed that there was no sufficient proof to maintain the charge against the defendant of an intent to carnally know and abuse.

2. Had the offence been laid in the indictment as the technical one of an assault with intent to commit rape, the second request for instructions should have been granted. *Commonwealth* v. *Merrill, ubi supra. Rex* v. *Lloyd*, 7 Car. & P. 318. *Regina* v. *Wright*, 4 F. & F. 967. *Shannon* v. *Commonwealth*, 14 Penn. St. 226.

Less favorable instructions should not have been given in the lesser crime of an assault with intent to carnally know and abuse. To say that there can be an assault without the use of force or

violence, and with the consent of the person alleged to have been assaulted to acts done, is a contradiction in language. The consent of a child under ten years is no defence to the substantive crime, because the statute expressly so provides; but is a defence to the assault with intent, because the terms of the statute do not extend to the assault, and because an assault consented to is no assault. *Smith* v. *State*, 12 Ohio St. 466. *State* v. *Pickett, ubi supra. Stephens* v. *State*, 34 Alb. L. J. 228. *Regina* v. *Connolly*, 26 U. C. (Q. B.) 317. *Cliver* v. *State*, 16 Vroom, 46. *Regina* v. *Cockburn*, 3 Cox C. C. 543. *Regina* v. *Read*, 3 Cox C. C. 266; and 1 Den. C. C. 379, note. *Regina* v. *Roadley*, 14 Cox C. C. 463. See St. 43 & 44 Vict. *c.* 45, § 2.

3. The fourth instruction requested should have been given. *Commonwealth* v. *Merrill*, 14 Gray, 417.

4. The fifth instruction requested is substantially the rule laid down in *Commonwealth* v. *Choate*, 105 Mass. 451, in 1 Bish. Crim. Proc. (3d ed.) § 1066, and in *Wilder* v. *Cowles*, 100 Mass. 487. The instructions as given were in no sense equivalent, tended to mislead the jury in determining upon whom the burden rested, and upon this point must have left them in doubt.

*E. J. Sherman*, Attorney General, for the Commonwealth.

C. ALLEN, J. The chief argument for the defendant is, that an indictment for an assault upon a female child under the age of ten years, with intent to unlawfully and carnally know and abuse her, cannot be maintained without proof that the acts were done without her consent; that the carnal knowledge and abuse of a child is a special statutory offence, distinct from the crime of rape; and that the consent of the child is no defence to the substantive crime, because the statute expressly so provides or implies, but is a defence to the assault with intent, because the terms of the statute do not extend to the assault, and because an assault consented to is no assault in law. And there are many decisions, both English and American, some of which are cited, which sustain this defence. But it is not a valid defence in this Commonwealth.

The statutes upon which the case depends are as follows: Pub. Sts. *c.* 202, § 27. "Whoever ravishes and carnally knows a female of the age of ten years or more by force and against her will, or unlawfully and carnally knows and abuses a female

child under the age of ten years, shall be punished by imprisonment in the state prison for life, or for any term of years." * Section 28. " Whoever assaults a female with intent to commit a rape shall be punished by imprisonment in the state prison for life, or for any term of years, or by fine," &c.

There is, indeed, another statute, Pub. Sts. *c.* 210, § 8, which provides that " Whoever attempts to commit an offence prohibited by law, and in such attempt does any act towards the commission of such offence, but fails in the perpetration," shall be punished. But the indictments in these cases are not brought under this statute. Indictments for attempts, whether brought under particular statutes, or under the common law, should set forth in direct terms that the defendant attempted to commit the crime. And so are the precedents. Train & Heard's Prec. 50–53. 2 Wharton's Prec. (4th ed.) 1046–1052. *Commonwealth* v. *Dennis*, 105 Mass. 162. *Commonwealth* v. *Sherman*, 105 Mass. 169. *Commonwealth* v. *McLaughlin*, 105 Mass. 460. *Christian* v. *Commonwealth*, 23 Grat. 954. See also *Commonwealth* v. *Thompson*, 116 Mass. 346, 349. This statute, therefore, being disregarded, it is to be considered if these indictments can rest upon the Pub. Sts. *c.* 202, § 28, punishing an assault with intent to commit a rape.

In England, the definitions of rape have sometimes included the statutory offence of carnal knowledge of a young child. Thus, " Rape is felony by the common law, declared by Parliament for the unlawful and carnal knowledge and abuse of any woman above the age of ten years against her will, or of a woman child under the age of ten years with her will, or against her will." 3 Inst. 60. " Rape is the carnal knowledge of any woman above the age of ten years against her will, and of a woman-child under the age of ten years with or against her will." 1 Hale P. C. 628; see also p. 631. In 1 East P. C. 436, it is said, " This last-mentioned offence [viz. unlawful abuse of a child] is not properly speaking a rape, which implies a carnal knowledge against the will of the party; but a felony created by this statute [18 Eliz. *c.* 7, § 4], under which the consent or non-consent of the child,

---

\* By the St. of 1886, *c.* 305, the age of consent is changed from ten to thirteen.

under the age of ten years, is immaterial." Other writers have sometimes, directly or by implication, included the statutory offence within the term rape. See 4 Bl. Com. 212 ; 1 Gabb. Crim. Law, 832 ; Roscoe Crim. Ev. (7th Am. ed.) 875.

But, however it may have been elsewhere, in Massachusetts the offence of unlawfully and carnally knowing and abusing a female child under the age of ten years is, and for more than two hundred years has been, known and designated as rape. In October, 1669, the ordinary form of rape being already punishable by existing laws, the following statute was passed : " Forasmuch as carnal copulation with a woman childe, under the age of ten years, is a more hainous sin than with one of more years, as being more inhumane and unnatural in itself, and more perrilous to the life and well-being of the childe : it is therefore ordered by this Court, and the authority thereof, that whosoever he be shall, commit or have carnal copulation with any such childe under ten years old, and be legally convicted thereof, he shall be put to death." This was printed in the edition of 1672 of the Colony Laws, p. 15, with the marginal note, " Rape of a child." See also Anc. Chart. 60, with the same marginal note. These statutes for the ordinary form of rape, and for the abuse of a child, were in substance reënacted in separate and successive sections in 1692 ; 1 Prov. Laws (State ed.) 56 ; but by the Prov. St. of 1697 (10 Will. III.) c. 18, 1 Prov. Laws (State ed.) 296, entitled, " An act against ravishment or rape," both were put into one section, and so they have ever since remained. The next statute appears to be that of 1784, c. 68, entitled, " An act for the punishment of rape," both offences being included in the same section ; the marginal note in the edition of 1823 being, " Rape punished with death." This was followed by the St. of 1805, c. 97, entitled, " An act providing for the punishment of the crime of rape, and for the prevention thereof," in which, by express reference, the offence of carnally knowing and abusing a woman child under the age of ten years is classified as rape. The later statutes are the St. of 1815, c. 86 ; the Rev. Sts. c. 125, § 18, where the marginal note is, " Rape, or abuse of female child ; " the Gen. Sts. c. 160, § 26, and the Pub. Sts. c. 202, § 27, in each of which the marginal note mentions only " rape." In Davis's Crim. Just. (ed. 1824), a work long used and relied on in this

State, the carnal knowledge of young female children is called rape. " A rape upon children under the age of ten years, whether with or without their consent, was made a capital offence as early as the reign of Queen Elizabeth." p. 590. See also Davis's Crim. Just. (Heard's ed.) 673, 668; Bouvier's Law Dict., Rape (eds. of 1852 and 1883) ; *Commonwealth* v. *Sugland,* 4 Gray, 7.

Where a rape upon a female child under the age of ten years is charged, by carnally knowing and abusing her, it is not necessary to aver or prove that the acts were done against her will, or without her consent. The reason is, that, from her tender years, she is held in law to be incapable of giving a valid consent to such acts, and the law conclusively presumes that she did not consent. 3 Greenl. Ev. § 211. The rule has always been so from the earliest times, though the reason has not always been stated in this form.

In this Commonwealth, the statute punishing an assault with intent to commit a rape also includes both phases of the crime of rape ; the carnal knowledge and abuse of a young female child, as well as a rape committed upon a grown woman by actual force and violence, and against her will. This is apparent from an examination of the first statute upon the subject. St. 1805, *c.* 97, § 3. Section 1 provides the same punishment for any man who shall ravish and carnally know any woman by force and against her will, or shall unlawfully and carnally know and abuse any female child under the age of ten years; and for any person present, aiding and consenting in such rape, &c. Here " rape " obviously includes both offences previously described. Section 2 provides for the punishment of accessories "after any rape committed as aforesaid." Section 3 provides for the punishment of any man who, " with intent to commit a rape as aforesaid, shall make an assault upon a woman, or female child." This is perfectly explicit; as is also the St. of 1815, *c.* 86, which increases the punishment for an assault on a female child under the age of ten years, with an intent to commit a rape. The Rev. Sts. *c.* 125, § 18, provided for the punishment of any person who should ravish and carnally know any female of the age of ten years or more, by force and against her will, or should unlawfully and carnally know and abuse any female child under the age of ten years ; and, in § 19, provided for the punishment

of any person who should " assault any female with intent to commit the crime of rape." No other provision was made for assault upon a child with intent to carnally know and abuse her, and no mention was made by the commissioners of any intention to change the law, by omitting altogether all provision for this offence. It is apparent that § 19 was intended to be as comprehensive as the Sts. of 1805, c. 97, § 3, and 1815, c. 86, both of which are referred to in the margin; and that the offence of assaulting a young female child with intent unlawfully and carnally to know and abuse her was included under the description of assaulting " any female with intent to commit the crime of rape." The language of the Gen. Sts. c. 160, § 27, and of the Pub. Sts. c. 202, § 28, is in substance the same, and bears the same construction.

It thus appears that the Legislature intended, by the Pub. Sts. c. 202, § 28, to punish, as a criminal offence, an assault upon a female child under the age of ten years, with intent carnally to know and abusê her. But it is contended, and there are many decisions elsewhere to support this ground of defence, that the assault is the gravamen of this offence, and that an assault must of necessity be against her will. This argument, however, involves a confusion in the use of the terms " against her will." Every rape involves an assault; and a rape, as well as an assault, must be against the will of the victim. But it has already been clearly established in this Commonwealth, that " against her will " means the same thing as " without her consent." *Commonwealth* v. *Burke*, 105 Mass. 376. And accordingly it has been held that, if a man has carnal intercourse, using so much force as is necessary, with a woman who is incapable of consenting, by reason of sleep, drunkenness, stupefaction, unconsciousness, idiocy, helplessness, and sometimes even where the consent of one capable of consenting is procured by fraud, he may be convicted of rape. See *Commonwealth* v. *Burke, ubi supra; Commonwealth* v. *McDonald*, 110 Mass. 405; *Regina* v. *Mayers*, 12 Cox C. C. 311; *The Queen* v. *Dee*, 14 L. R. Ir. 468. In the last case, which was decided in 1884, it was determined in Ireland, on great consideration, that the consent of a married woman, if fraudulently obtained by personation of her husband, is no defence to an indictment for rape. There is a full discussion,

by counsel and by the court, of the previous English decisions upon the subject; and the determination is in accordance with the later intimations of English judges. See *The Queen* v. *Flattery*, 2 Q. B. D. 410; *Regina* v. *Young*, 14 Cox C. C. 114. In cases of assault upon young girls with intent, the English courts, though making a distinction between consent and submission, and holding that mere submission would not amount to a defence, — see *The Queen* v. *Lock*, L. R. 2 C. C. 10, and cases there cited, — did not entirely break away from the earlier decisions, which held that the consent of a young girl would defeat an indictment for such an assault; and at last it was enacted in 1880, by Parliament, in the St. of 43 & 44 Vict. *c.* 45, § 2, that " it shall be no defence to a charge or indictment for an indecent assault on a young person under the age of thirteen to prove that he or she consented to the act of indecency."

The difficulty in England appears to have arisen from the phraseology of the early statutes, punishing carnal knowledge and abuse of a young girl, whether by her own consent or without her consent, apparently implying that she might consent thereto. See *Regina* v. *Johnson*, 10 Cox C. C. 114. But there has been no such language in any of the Massachusetts statutes; and even if there had been, it is more in accordance with the spirit of the law simply to hold a girl under the age of ten years incapable of giving a valid consent, so that the question whether she did or did not give a formal or apparent consent becomes immaterial. If, as all agree, it is immaterial upon a charge of committing the completed act, which includes an assault, no reason but an extremely technical one can be urged why it should not be so upon a charge of assault with intent to commit the completed act. Indeed, to speak of an assault upon her without her consent, with intent to carnally know and abuse her with her consent, seems to involve a contradiction in terms. But when it is once considered that the intention of the law is to declare that a young girl shall be deemed incapable of consenting to such an act to her injury, and that evidence of any consent by her shall be incompetent in defence to an indictment therefor, and that, although she gives a formal and apparent consent, yet in law, as in reality, she gives none, because she does not and cannot take in the meaning of what is done, all

legal difficulty disappears, and the conclusion may properly be reached that the assault is without her consent, and against her will. This principle has been clearly maintained, with reference to kidnapping children, and removing young slaves from the Commonwealth. *Commonwealth* v. *Nickerson*, 5 Allen, 518. *Commonwealth* v. *Taylor*, 3 Met. 72, 73. *Commonwealth* v. *Aves*, 18 Pick. 193, 225. *State* v. *Rollins*, 8 N. H. 550. *State* v. *Farrar*, 41 N. H. 53. The same principle has also been maintained in some other States, in cases of indecent assaults. *People* v. *McDonald*, 9 Mich. 150. *Hays* v. *People*, 1 Hill (N. Y.) 351. *Singer* v. *People*, 13 Hun, 418. *State* v. *Dancy*, 83 N. C. 608. *State* v. *Johnston*, 76 N. C. 209. See also *Givens* v. *Commonwealth*, 29 Grat. 830; *The Queen* v. *Dee, ubi supra*.

There is nothing in the other exceptions requiring a new trial, or calling for remark.                    *Exceptions overruled.*