Decided at Pendleton July 31, 1897.

STATE *v.* SARGENT.

[49 Pac. 889.]

Attempted Rape— Res Gestae.— In proof of an assault with intent to rape, the mother of prosecutrix may testify as to her manner and appearance, and the condition of her person, shortly after the alleged assault, and to the fact that she made a disclosure, but she may not state what the injured girl and her companion told her about the alleged assault shortly after its occurrence: *State* v. *Tom*, 8 Or. 180, applied.   Such evidence is not part of the *res gestæ*, and is not the kind of hearsay that is admissible.

Assault with Intent to Rape— Age of Consent.— A girl under sixteen years of age cannot consent to an attempted intercourse any more than she can to the completed act; in both cases consent is immaterial, under sections 1733 and 1740, Hill's Ann. Laws.

From Morrow:  Stephen A. Lowell, Judge.

Chet Sargent appeals from a conviction of an assault with intent to commit a rape.

Reversed.

For appellant there was a brief over the names of *G. W. Rae*, *Huntington & Wilson*, and *T. R. Lyons*, with an oral argument by *Mr. Rae* and *Mr. H. S. Wilson.*

For the state there was a brief over the names of *Cicero M. Idleman*, attorney-general, and *Henry J. Bean*, district attorney, with an oral argument by *Mr. Bean.*

MR. JUSTICE WOLVERTON delivered the opinion.

The defendant was indicted and convicted for an assault upon Bessie Robbins, a female child of the age of eight years, with intent to commit a rape. The child testified as a witness for the state, in substance, that one Grace Casey was with her at the time of the alleged assault; that they went directly from the place of the assault to where the Casey girl's mother lived, in the same block, and that Grace related to her mother what had transpired; that they went from there to where Mrs. Robbins, the mother of Bessie lived, also in the same block, and that Grace told Mrs. Robbins what had happened. Grace Casey corroborated Bessie, and thereupon Mrs. Robbins was called and testified, over the objection of the defendant, that Grace told her what had happened while Bessie was standing by; that Bessie, when asked if what Grace said was true, ran out of doors, and hid behind the house, and then into the bedroom, and hid under the bed, and, upon being persuaded to come out, that she then told the same story as had been just related by the

two girls.   She further testified that she immediately
made an examination of the child, and found her
all right.   Error is predicated upon the action of the
court below in permitting Mrs. Robbins' testimony
to go to the jury.   What Bessie Robbins and Grace
Casey told her touching the acts and demeanor of
the defendant towards Bessie cannot be considered
as part of the *res gestæ* constituting the alleged as-
sault.   True, the disclosure was made soon after the
alleged assault, but what she learned from the girls
was simply hearsay, a narration of the past event,
and not the language of emotion caused by the sup-
posed occurrence.   The rule, however, is well estab-
lished that hearsay evidence in such instances is
permissible, but the authorities are divided as to its
limits.   Without undertaking to discuss at length
the reasoning upon which they diverge and are con-
trolled, we think the better rule to be that which
confines such testimony in the first instance or in
chief for the state to the fact that the injured party
made recent complaint of the act charged, to evi-
dence of her state and appearance, marks of vio-
lence, and the condition of her apparel shortly after
the alleged occurrence.   Such authorities justify the
admission of the testimony of third parties to the
fact that the prosecutrix made recent complaint
upon the ground that it is the natural instinct of
an outraged female to make immediate disclosure
thereof to a near relative or confidential friend; and,
inasmuch as her failure to do so would tend to dis-
credit her as a witness, the prosecution is permitted
to anticipate such a claim by affirmative proof that

complaint was made. So it is that evidence of the fact that she made such complaint, as well as of her manner and appearance when made, is admitted as corroborative of her testimony touching the crime charged: *Baccio* v. *People*, 41 N. Y. 265; *Parker* v. *State*, 67 Md. 329 (10 Atl. 219); *Pefferling* v. *State*, 40 Tex. 486; *Proper* v. *State*, 85 Wis. 617 (55 N. W. 1035); *Thompson* v. *State*, 38 Ind. 39; *State* v. *Shettleworth*, 18 Minn. 208; *State* v. *Richards*, 33 Iowa, 420; *Stephen* v. *State*, 11 Ga. 225; *People* v. *Mayes*, 66 Cal. 597 (56 Am. Rep. 126, 6 Pac. 691); 3 Rice on Evidence, 834, 835; *Oleson* v. *State*, 11 Neb. 276 (38 Am. Rep. 366). Nor does the rule seem to be different where the prosecutrix is a child of tender years: *State* v. *Tom*, 8 Or. 189, and *People* v. *McGee*, 1 Denio, 19. In the case at bar, Mrs. Robbins, by a sweeping sentence, in effect testified to all that the two girls had told her concerning the alleged assault upon Bessie by the defendant, and under the rule it was error to permit it. This could not be deemed less than a repetition of the children's narrative of the occurrence, and, therefore, subject to the very pertinent objection that it was hearsay. It was proper for the mother to testify to the fact that Bessie had made the disclosure, and to describe her manner and appearance at the time, and the condition in which she found her person upon the examination made, but not to relate what the girls had told her touching the particulars of what transpired relative to the alleged assault. For this error the case must be reversed.

We will notice but one other assignment, as the

case must go back, and the other questions urged here are not likely to arise upon a retrial. It is strenuously urged by the counsel for the defendant that there can be no assault with intent to commit a rape where the female consents, even though she be under the age of sixteen years. The statutory crime of rape is thus defined: "If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years, or any person shall forcibly ravish any female, such person shall be deemed guilty of rape": Section 1733, Hill's Ann. Laws as amended (Laws, 1895, p. 67). Section 1740, Hill's Ann. Laws, provides for the punishment of any person found guilty of an assault with intent to commit a rape. It is the theory of counsel that these sections of the statute do not fix the age of consent, except as it pertains to carnal knowledge; in other words, that if the act of carnal knowledge had been consummated with the consent of a female under the age of sixteen years, it would make no difference whether she consented or not, the crime of rape would nevertheless be the result of such coition; but not so with an assault with intent to commit the crime, as the statute has not fixed the age of consent with reference to that offense. In this we cannot concur. It is rape for a person above the age of sixteen years to carnally know any female child under that age, and this without the use of force. Now, when the legislature established the additional crime of assault with intent to commit a rape, it evidently had in view the crime of rape as defined by

the original section 1733, of which the present is amendatory. In fact, both sections were enacted at one and the same time, and should, under a well-settled rule, be interpreted in *pari materia.* Hence the word "rape," as used in the latter section, must be deemed to have been used in the sense in which it is defined by the former, and it must be taken as if its definition is read into the latter section. In this view of the matter there is no difficulty in reaching the conclusion that nonconsent of a female child under the age of sixteen years when assaulted by a person above that age with intent to commit a rape is no more an essential or an ingredient of the one crime than the other. One involves the completed act, the other the intent to consummate such a purpose; and if consent is immaterial upon a charge of committing the completed act, which necessarily includes an assault, no reason exists why it should not be so upon a charge of assault with intent to accomplish the same purpose: *Commonwealth* v. *Roosnell,* 143 Mass. 32 (8 N. E. 747).

The law has determined that a female child under the age denominated is incapable of consenting. It is as though she had no mind upon the subject, no volition pertaining to it. There is a period in child life when in reality it is incapable of consenting, and the legislature has simply fixed a time, arbitrarily, as it may be, but nevertheless wisely, when a girl may be considered to have arrived at an age of sufficient discretion, and fully competent, to give her consent to an act which is a palpable wrong, both in morals and in law. Un-

der these conditions, while a girl may give her formal and apparent consent, yet in law she gives none. The evidence of such consent is withheld, and rendered wholly incompetent for the establishment of such a fact, as in law the fact itself does not exist. Looking at the question in this light, it is easy to comprehend the legal and logical conclusion that an assault with an intent to commit a rape is as much without the consent of a girl under the age of sixteen years, although she formally yields concurrence, as that the commission of rape is without her consent under like acquiescence. This conclusion is supported by many cases, and we believe it to be the better doctrine, although some authorities are to be found on the contrary. See *Commonwealth* v. *Roosnell,* 143 Mass. 32 (8 N. E. 747); *Murphy* v. *State,* 120 Ind. 116 (22 N. E 106); *State* v. *Grossheim,* 79 Iowa, 75 (44 N. W. 541); *People* v. *Courier,* 79 Mich. 366 (44 N. W. 571); *People* v. *McDonald,* 9 Mich. 150; *People* v. *Goulette,* 82 Mich. 36 (45 N. W. 1124); *Proper* v. *State,* 85 Wis. 615 (55 N. W. 1035); *Davis* v. *State,* 31 Neb. 240 (47 N. W. 854); *Comer* v. *State,* (Tex. Cr. App.) 20 S. W. 547; *Hays* v. *People,* 1 Hill, 351. The judgment of the court below will be reversed, and the cause remanded for such other proceedings as may seem pertinent, not inconsistent with this opinion.

REVERSED.