ALFRED LIEBSCHER v. STATE OF NEBRASKA.

FILED JUNE 18, 1903. No. 13,116.

1. **Statutory Rape: Consent.** In the prosecution for an assault upon the person of a girl under the statutory age of consent, with intent to commit a rape, it is not necessary to allege or prove that the acts were done against her will. Whether she consented or resisted is immaterial. *Davis v. State*, 31 Neb. 247, reexamined and followed.

2. **Assignments of Error in Admission of Evidence.** Assignments of error relative to the admission of certain evidence over objections examined and found untenable.

ERROR to the district court for Douglas county: IRVING F. BAXTER, DISTRICT JUDGE. *Affirmed.*

*Charles W. Haller,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

HOLCOMB, J.

But one question presented by the record in this case which we are asked to review is deemed worthy· of more than passing notice. The defendant was, in the trial court, informed against for the crime of rape upon a female child under the age of consent, to wit, about twelve years of age.

At the trial the jury were, under the instructions given them, authorized· to find a verdict of guilty as charged,

or in the event they were not satisfied beyond a reasonable doubt that a rape had actually been committed to find, if the evidence satisfied them of that fact, the defendant guilty of an assault with intent to commit a rape. The accused was, by the jury, found guilty of an assault with the intent to commit a rape, and judgment on the verdict was pronounced by the court sentencing the accused to imprisonment in the penitentiary. It is insisted that the verdict and the judgment pronounced thereon are contrary to the law and the evidence. The contention is grounded on the proposition that no assault was committed on the child because she consented to the act of sexual intercourse or the attempt to commit the act. An examination of the record satisfies us the evidence was ample to have supported a verdict of guilty of rape, not by force and against the will of the prosecutrix but because under the law of this state she was incapable of consenting, and that a crime was committed regardless of the question of whether it was accomplished by force and violence or with the consent and acquiescence of the child. It is proper here to state the acts of the accused do not under the evidence disclose force and violence against the person of the prosecutrix, notwithstanding resistance on her part or lack of assent so far as she was capable of assenting. She was enticed into a bedroom of a hotel, where both were at the time, with money given her; placed on a bed and such force used as was required to accomplish the act of sexual intercourse or the attempt to commit the act, she not resisting but subjecting her person to the lascivious advances of the accused by offering no active opposition thereto. It may well be doubted whether she, in fact, consented to have sexual intercourse with the defendant or to an attempt by him to accomplish the act. Her age and immaturity of body and mind rendered her, doubtless, incompetent to understand the nature and quality of the act and to intelligently consent to the assault made on her person or the act of which the defendant was accused. She, however, was in a subjective state and offered no resistance to the indecent pro-

posals and the acts of the defendant in his endeavors to carnally know and abuse her.

The question then is, can the defendant under such circumstances be found guilty of an assault with intent to commit a rape? The authorities are divided. By section 12 of the criminal code, to have carnal knowledge by a male person over the age of eighteen years of a female child under the age of consent, is declared to constitute the crime of rape of the same degree and punishable to the same extent as though the act was committed forcibly and against the will of the person ravished. By section 14, it is made a crime punishable as therein provided for a person to assault another with intent to commit a rape. To constitute the crime under this section, there are two essential ingredients which must coexist, and be established by the evidence beyond a reasonable doubt, before a person can lawfully be found guilty of the crime, and these are the assault accompanied by an intent to commit the act charged. There can be no serious doubt as to the intent of the accused, assuming that the evidence leaves on the mind some doubt as to rape being actually consummated. Was there an assault within the meaning of the word as used in section 14 of the criminal code, when construed in connection with section 12, which describes and defines the crime of rape? Some of the authorities hold to the view that there can, in such a case, be no assault, because there is lacking the essential element of resistance or want of assent which is necessary to constitute the offense. An assault is defined as an attempt unlawfully to apply any, the least, actual force to the person of another directly or indirectly without the consent of the person assaulted or with such consent if it is obtained by fraud. Stephen, Digest of Criminal Law (Am. ed.), 181. As a rule, it is said, consent on the part of the complainant deprives the act of the character of an assault, unless non-resistance has been brought about by fraud. *Pillow v. Bushnell,* 5 Barb. (N. Y.) 156; *People v. Dohring,* 59 N. Y. 374; *Champer v. State,* 14 Ohio St. 437; *Smith v. State,* 12 Ohio

St. 466; *State v. Burgdorf,* 53 Mo. 65; *Duncan v. Commonwealth,* 6 Dana (Ky.), 295; *State v. Murphy,* 6 Ala. 765; *Anschicks v. State,* 6 Tex. App. 524.

But the authorities all recognize that there may be submission by a child of tender years to an assault, without legal consent. In such cases, consent, when obtained from a child incapable of giving it, can avail the offending party no more than if consent from a person competent to give it were obtained by fraud or deceit. *Oliver v. State,* 45 N. J. Law, 46; *Hays v. People,* 1 Hill (N. Y.), 351; *People v. Justices of the Court of Special Sessions,* 18 Hun (N. Y.) 330. This view of the subject commends itself to us as sound and to recognize the true reason at the foundation of the general rule, that the assault must be by violence directed against another without such other's consent. The statute of this state has said in unmistakable terms, that a female child under the age of fifteen years is incompetent, under any and all circumstances, to consent to sexual intercourse and that the act when committed constitutes the crime of rape. We have held more than once that on a charge of rape on such person, whether or not the act was with the consent of the prosecutrix is wholly immaterial, because the law declares her incapable of giving consent. *Davis v. State,* 31 Neb. 247; *George v. State,* 61 Neb. 669. If such a person be incapable of consenting to the act of sexual intercourse, it would seem for reasons quite apparent that she could not consent to an assault with the intent to commit the crime. It is a trite saying in the law, that the lesser crime is included in the greater, and if a person be in fact guilty of the crime of rape on a female child under the age of consent who can not legally consent to the completed act, it is difficult to escape the conclusion, by any logical process of reasoning, that such person is also guilty of an assault with the intent to commit the crime. It is conceded by counsel for the accused that *Davis v. State, supra,* is an authority against the proposition he is contending for, but it is urged the construction of the section of the criminal code defining the crime of an assault

with intent to commit rape, as therein given, is incorrect and should be repudiated; that the assault is the characterizing element of the crime described in section 14, the intent being merely an aggravation, and that force is the essential element of the assault. It is held in the case referred to, unqualifiedly, that an assault, by a male person of the age of eighteen years or upwards, with intent to carnally know a female child, under the age of fifteen years, is punishable in this state as an assault with the intent to commit a rape. In the opinion, NORVAL, J., speaking for the court, said:

"This prosecution is brought under section 14 of the criminal code, which provides that 'If any person shall assault another with intent to commit a murder, rape, or robbery upon the person so assaulted, every person so offending shall be imprisoned in the penitentiary not more than fifteen years nor less than two years.'

"Section 12 quoted above defines the crime of rape, and it was the intention and purpose of the legislature, in adopting section 14, to punish as a crime an assault upon a female child under fifteen years of age, with intent carnally to know her, whether she formally consented to the assault or not, as well as an assault made upon a female over the age of fifteen years, forcibly and against her will with intent to commit a rape. As it is not necessary in a prosecution for a rape committed upon a child under the age of consent to prove that the acts were done against her will, so an assault with intent to commit a rape made upon a girl under the age of fifteen years is punishable under the statute, although committed with the consent of the child. Whether she consented or resisted the assault is not material. *Fizell v. State*, 25 Wis. 364; *People v. Gordon*, 70 Cal. 467, 11 Pac. 762; *Hays v. People*, 1 Hill (N. Y.), 351; *Commonwealth v. Roosnell*, 143 Mass. 32; *People v. McDonald*, 9 Mich. 150; *Mayo v. State*, 7 Tex. App. 342; *State v. Johnston*, 76 N. Car. 209; *Territory v. Keyes*, 5 Dak. 245, 38 N. W. 440; *People v. Courier*, 79 Mich. 366, 44 N. W. 571; *Stephen v. State*, 11 Ga. 225; 1 Wharton, Criminal Law

(9th ed.), 577; *State v. Grosshcim,* 79 Ia. 75, 44 N. W. 541."

In *Hays v. People, supra,* a New York case, the court, in holding that the consent of a female under ten years of age or even her aiding the person accused of the assault is no defense, say:

"The assent of such an infant being void as to the principal crime it is equally so in respect to the incipent advances of the offender. That the infant consented to, or even aided in the prisoner's attempt, cannot, therefore, as in the case of an adult, be alleged in his favor, any more than if he had consummated his purpose. The case submitted to the jury, was that of a man having another in his power, and within reach, threatening and exerting the means to accomplish meditated violence upon her person. This is clearly an assault within all the authorities."

The supreme court of Indiana in *Murphy v. State,* 120 Ind. 115, overrules a prior case, *Stephens v. State,* 107 Ind. 185, holding to the contrary and adopts the doctrine that an assault with intent to commit a rape may be committed upon a female under the age of consent, regardless of the question of resistance on her part or of her consenting thereto. In the opinion it is said: ·

"The statute having made the act of sexual intercourse with a female child under twelve years of age a crime, it must follow as a logical conclusion that the abuse of her person with a view to the accomplishment of that act constitutes an assault and battery with the intent to commit a rape, if sexual intercourse does not take place.

"If, under the law, a female under twelve years of age is incapable of giving her consent to the act of sexual intercourse, then she is equally incapable of consenting to all familiarity with her person that necessarily precedes the consummation of the act.

"It was not the intention of the legislature that a female under twelve years of age, because of her tender years, should be protected from an accomplished act of seduction, but left entirely unprotected from all of the defiling acts of the seducer that lead up to her seduction."

In speaking of the subject, the author of McClain's Criminal Law (vol. 1, sec. 464) says:

"In those states where the offense of having carnal knowledge of a female child under the age of consent is regarded as a different crime from that of rape, the attempt to have such connection is not an assault with intent to commit rape. But where (as is the rule in most states) the connection with a female child under the age of consent is considered as rape, it is almost universally held that an attempt to have such connection is an assault with intent to commit rape, the consent of the child being wholly immaterial."

The following authorities are cited by the author which seem to fully and fairly support the latter proposition contained in the text. *People v. McDonald, supra; People v. Crosswell*, 13 Mich. 427; *People v. Courier, supra; People v. Ten Elshof*, 92 Mich. 167; *Fizell v. State, supra; State v. Meinhart*, 73 Mo. 562; *State v. Wray*, 109 Mo. 594; *State v. Wheat*, 63 Vt. 673; *Davis v. State, supra; Murphy v. State, supra; State v. Newton*, 44 Ia. 45; *Territory v. Keyes, supra; State v. Johnston, supra; State v. Dancy*, 83 N. Car. 608; *State v. Staton*, 88 N. Car. 654; *Glover v. Commonwealth*, 86 Va. 382; *McKinney v. State*, 29 Fla. 565.

We are of the opinion that both on reason and authority the rule enunciated in *Davis v. State, supra*, is sound and violates no legal principle and that there exists no sufficient grounds for its modification or abandonment and it is, accordingly, reaffirmed.

Some objections are made to the rulings of the trial court on the admission of evidence, but we find from an examination of the record that neither of the two objections to which our attention is called is well taken. Finding no prejudicial error in the record, the judgment of the trial court should be, and accordingly is, in all things,

AFFIRMED,