Argued September 15, affirmed September 22, 1914.

## STATE v. WHITMAN.

(143 Pac. 1121.)

**Rape—Criminal Prosecution—Evidence—Complaint by Prosecutrix.**

1. In a prosecution for assault with intent to commit rape upon a child seven years old, it is error to admit testimony that, when the child complained of the ill treatment received, she named the defendant as the person who assaulted her.

[As to evidence of complaint made by prosecutrix, see note in 38 Am. Rep: 369.]

**Criminal Law—Appeal—Harmless Error—Admission of Evidence.**

2. While prejudice is presumed where error appears, unless the record affirmatively shows the contrary, yet, where it affirmatively appears that defendant was properly convicted of assault with intent to rape, the judgment will be affirmed, notwithstanding the erroneous admission of testimony that the prosecuting witness, when complaining of the ill treatment she had received, named the defendant as the guilty person.

From Lane: THOMAS J. CLEETON, Judge.

The defendant, Eben J. Whitman, was indicted, tried and convicted of assault with intent to commit rape upon Gertrude Whitman, his daughter, and from the sentence imposed he appeals.     AFFIRMED.

For appellant there was a brief with an oral argument by *Mr. Howard M. Brownell.*

For the State there was a brief and an oral argument by *Mr. Joseph M. Devers,* District Attorney.

Department 1. MR. JUSTICE MOORE delivered the opinion of the court.

1. The prosecuting witness on her direct examination testified in detail as to the offense charged, saying it occurred in the absence of her mother, upon whose return, about two hours after the crime had been committed, the witness informed her thereof. Thereupon

Nora Whitman, the mother, a deaf mute, testified by an interpreter: That when she reached home, about 11 o'clock on the night the offense is alleged to have been perpetrated, her daughter looked ill and said she was sick.

"Q. Did Gertrude say anything had been done to her?

"A. Yes.

"Q. Did she name anybody who did it, and, if so, who?"

An objection to this question having been overruled and an exception allowed, the witness answered, "Her father." It is contended that, in permitting such hearsay testimony to be received, an error was committed. Under the rule prevailing in Oregon as in most other states of the Union, it would have been error if Mrs. Whitman had been allowed to testify as to the particulars of the complaint which her daughter made to her respecting the assault: *State* v. *Tom,* 8 Or. 180; *State* v. *Sargent,* 32 Or. 110 (49 Pac. 889). When a girl or a woman is ravished or assaulted with an intent to commit rape upon her, and at the trial of the party accused thereof she appears as witness against him, it is material to prove, if she is above the age of legal consent, that she made complaint of the outrage within a reasonable time after receiving it: 23 Am. & Eng. Ency. Law (2 ed.), 877; Greenleaf, Ev. (16 ed.), § 213; 2 Wigmore, Ev., § 1136. The testimony of persons to whom the complaint was made is admissible as original evidence, in order to corroborate the prosecutrix and to rebut any inference that she consented to the outrage: *State* v. *Birchard,* 35 Or. 484 (59 Pac. 468); *Johnson* v. *State,* 27 Neb. 687 (43 N. W. 425). In anticipation of such a defense, based upon

an inference, it is competent for the prosecutrix, upon her direct examination, to state when she notified anyone of the attack made upon her, and also to name the person who was thus informed: *State* v. *Sargent,* 32 Or. 110 (49 Pac. 889); *State* v. *Ogden,* 39 Or. 195 (65 Pac. 449); *Griffin* v. *State,* 76 Ala. 29; *People* v. *Barney,* 114 Cal. 554 (47 Pac. 41). Where, however, as in the case at bar, the girl assaulted is under legal age to yield consent to her degradation, no such inference can arise, and her failure to make complaint is immaterial: 33 Cyc. 1468.

"Under the doctrine which excludes in the first instance the particulars of a complaint," says an author, "the statement of the prosecutrix as to the name of or her description of her assailant is not admissible, though it is permissible to show the fact that the prosecutrix in her complaint named a person as her assailant, providing the name of such person is not brought out": 23 Am. & Eng. Ency. Law (2 ed.), 876. See, also, *Thompson* v. *State,* 38 Ind. 39; *State* v. *Hunter,* 18 Wash. 670 (52 Pac. 247).

In a note to the text in 33 Cyc. 1465, it is said:

"Some courts hold that evidence is admissible if the prosecutrix stated that the defendant was the person who assaulted or ravished her, describing him. * * The weight of authority, however, is that this is a detail which cannot be proved."

The objection to such testimony is based on the ground that the jury may not have understood that the sworn statements were receivable chiefly to rebut an inference of consent upon the part of the prosecutrix, but that they may have regarded the testimony of the witness, who named the person mentioned by her in the complaint, as original evidence respecting the identity of the culprit, whereby an innocent per-

72 Or.—27

son might possibly have been found guilty thereof. "Some courts," says a text-writer, "hold that the particulars of a complaint are admissible where the prosecutrix is of tender years, but the weight of authority is to the contrary": 33 Cyc. 1466.

One of the cases cited in support of the principle thus announced is that of *State* v. *Sargent,* 32 Or. 110, 113 (49 Pac. 889, 890), where Mr. Justice WOLVERTON, speaking for the court in discussing that subject, says: "Nor does the rule seem to be different where the prosecutrix is a child of tender years." It will thus be seen that, under the rule which obtains in this state, an error was committed in allowing Mrs. Whitman, over objection and exception, to testify that, when her daughter made complaint of the ill treatment received, she named her father as the person who assaulted her.

2. In the trial of criminal actions on appeal, where it appears that an error has been committed, it has been the practice to hold that prejudice would be presumed, unless the record affirmatively showed the contrary, thereby necessitating a reversal of the judgment of conviction: *State* v. *O'Neil,* 13 Or. 183 (9 Pac. 284); *State* v. *Ah Lee,* 18 Or. 540 (23 Pac. 424); *State* v. *Osborne,* 54 Or. 289 (103 Pac. 62, 20 Ann. Cas. 627).

From a transcript of the entire testimony given at the trial, it appears that the defense herein was predicated upon the theory that Mrs. Whitman desired to secure a divorce, and a foundation therefor she induced the prosecutrix to make against her father the criminal charge which culminated in his conviction. The defendant introduced testimony tending to show that, in the community in which he resided, he possessed the reputation of a moral person, and also to prove that no person could have assaulted his daughter

as alleged.    The testimony of Mrs. Whitman as to the
condition of the girl's clothing after the complaint
had been made, and of her physical condition at that
time, supplemented, as it is, by the testimony of Dr.
O. E. Patterson, who, at the mother's request, exam-
ined the girl, afforded evidence which, if believed by
the jury, warranted them in concluding, beyond a rea-
sonable doubt, that an assault with an intent to com-
mit rape had been perpetrated upon the prosecutrix.
Whether or not the defendant was the person guilty
thereof depended upon the credence given by the jury
to her testimony.    Without adverting to her sworn
statements in this particular, we are satisfied that, if
they were believed, the jury were justified in deter-
mining that he was guilty of the offense charged.
Such being the case, we think it affirmatively appears
that the defendant was properly convicted, and that
he was not prejudiced by the admission of the testi-
mony complained of, which at most was but a very
trivial error.

It follows that the judgment should be affirmed, and
it is so ordered.                        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE RAM-
SEY concur.

MR. JUSTICE BURNETT delivered the following dis-
senting opinion:

Evidence of third parties of the complaint made to
them by a prosecutrix in a case of rape is purely hear-
say testimony.    Its admissibility depends upon an ex-
ception to the general rule against this species of tes-
timony; the reason of the exception being that it tends
to rebut the possible inference that the prosecutrix

consented to the act of which complaint is made. Where, however, the prosecutrix is younger than the age of consent, the reason of the rule fails, and with it the admissibility of the testimony perishes. The doctrine is thus expressed by this court in *State* v. *Birchard,* 35 Or. 484 (59 Pac. 468), where Mr. Justice MOORE uses this language:

"Such a complaint is but the natural expression of a virtuous female who has been wantonly outraged by the use of superior physical force, or intimidation by threats. But where, as in the case at bar, the intercourse is alleged to have been had with a person under the age of consent, the reason for the rule ceases, and it necessarily becomes inoperative."

In good reason, as well as upon the authority of this precedent, it was error to admit any evidence of the complaint of the prosecutrix in this case, as she was under the age of consent. Moreover, the rule established in this state is that such testimony must be confined to the bare fact that complaint was made without giving the name of the assailant or other particulars stated by the female in her accusation: *State* v. *Tom,* 8 Or. 180; *State* v. *Sargent,* 32 Or. 110 (49 Pac. 889). In both respects, therefore, the court committed an error of law in allowing the mother of the prosecutrix to testify that the child complained and designated her father as the one perpetrating the wrong.

The rule respecting errors of this nature is thus tersely stated by Mr. Justice MOORE in *Carter* v. *Wakeman,* 45 Or. 427, 430 (78 Pac. 362, 363):

"When it is manifest that an error has been committed, prejudice will be presumed, unless it affirmatively appears, from an inspection of the record, that no prejudice could have resulted therefrom."

See, also, *Du Bois* v. *Perkins,* 21 Or. 189 (27 Pac.
1044); *Nickum* v. *Gaston,* 24 Or. 380 (33 Pac. 671, 35
Pac. 31); *Cleveland Oil Co.* v. *Norwich Ins. Soc.,* 34
Or. 228 (55 Pac. 435); *Carney* v. *Duniway,* 35 Or. 131
(57 Pac. 192, 58 Pac. 105); *Aldrich* v. *Columbia Ry.
Co.,* 39 Or. 263 (64 Pac. 455); *Durkee* v. *Carr,* 38 Or.
189 (63 Pac. 117); *State* v. *Goodager,* 56 Or. 198 (106
Pac. 638, 108 Pac. 185).

Someone has very wisely said in substance of the
crime in question that it is easy to charge, hard to
prove, and still harder to defend against.   It is a mat-
ter of common knowledge that men who ordinarily
compose juries will not think or act dispassionately
on a case of this sort.   By far too frequently does the
mere charge raise the cry of the mob, ''Crucify him!
Crucify him!''   Taking advantage of this, it is easy
for one having ill feeling against the accused to work
up a case involving a little girl and arouse the indig-
nation natural in the breast of everyone who has a
heart above a beast.   The influence of a possibly de-
signing mother over such a child is so great tending
to a fabricated story that the legal rights of the de-
fendant ought to be strictly guarded.   By so much as
the court erred in the admission of the testimony men-
tioned, it denied the defendant the right of fair trial
by jury: *State* v. *Rader,* 62 Or. 37 (124 Pac. 195); *Sulli-
van* v. *Wakefield,* 65 Or. 528, 535 (133 Pac. 641); *For-
rest* v. *Portland Ry., L. & P. Co.,* 64 Or. 240 (129 Pac.
1050).   We ought not to perpetuate this abuse of his
constitutional rights in the face of our own decisions.
The conviction should be reversed.   I dissent from the
conclusion of Mr. Justice MOORE.