### WALTERS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   May 3, 1915.)

No. 2494.

1. RAPE ⬅16—ASSAULT WITH INTENT—FORCE.

In a prosecution for assault with intent to commit rape on a girl six years of age, it is not necessary to prove an intent to overcome any resistance she might offer, since she is in law incapable of giving consent.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 15–19; Dec. Dig. ⬅16.]

2. CRIMINAL LAW ⬅1030—APPEAL—PRESENTING QUESTIONS IN LOWER COURT —TIME OF TRIAL.

One convicted of a crime cannot contend on writ of error that he was denied a fair trial, by being placed on trial within a week after the indictment was found, where he employed his own attorney, who made no objection to going to trial at that time, and there is nothing to show any prejudice resulting to him from the short time between the indictment and the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2619–2621, 2632, 2653; Dec. Dig. ⬅1030.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Fuller, Judge.

O. H. Walters was convicted of assault with intent to commit a felony, and he brings error.   Affirmed.

Bates, Peer & Peterson, of Tacoma, Wash., and John W. Dunn, of Fairbanks, Alaska, for plaintiff in error.

R. F. Roth, U. S. Atty., and G. Ellis Gardner, Asst. U. S. Atty., both of Fairbanks, Alaska, and M. A. Thomas, Asst. U. S. Atty., of San Francisco, Cal., for the United States.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge.   The plaintiff in error, a man of 51 years, was convicted of an assault with intent to commit rape upon the person

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of a female child of the age of 6 years, and was sentenced to be imprisoned in the penitentiary for a term of 15 years.

[1] Error is assigned to the refusal of the court to grant the instruction requested by the defendant as follows:

"The jury are instructed that, in order to convict the defendant of an assault to commit rape, the jury must be satisfied beyond a reasonable doubt from the evidence that the defendant assaulted Hester Quiner with the intent at the time to overcome any resistance that might be offered by her."

It is the rule established by the decided preponderance of the authorities and by sound reason that in the case of an assault to commit rape upon a female under the age of consent it is not necessary to prove want of consent, for the reason that in law she cannot consent to such an assault. Cyc. 1434; Bishop's New Criminal Law, par. 1120; State v. Sargent, 32 Or. 110, 49 Pac. 889; People v. Roach, 129 Cal. 33, 61 Pac. 574; State v. Johnson, 133 Iowa, 38, 110 N. W. 170; Commonwealth v. Roosnell, 143 Mass. 32, 8 N. E. 747; Liebscher v. State, 69 Neb. 395, 95 N. W. 870, 5 Ann. Cas. 351.

It is contended that the court erred in overruling the defendant's motion for an instructed verdict upon the conclusion of the evidence. It is said that, taking the evidence of the government to be true, it shows no more than that the defendant took indecent liberties with the child. But the record shows otherwise. It proves not only the intent charged, but it tends to prove that in law the crime of rape was actually committed.

[2] Counsel for the defendant who appeared in this court were not the counsel who conducted the defense in the court below, and they present under this assignment of error the proposition that the defendant was denied a fair trial in the court below, in that he was indicted on August 28th, and was placed on trial on September 3d following, and thereby he was not afforded sufficient opportunity to prepare his defense; he being penniless and apparently without friends. The defendant was represented by counsel employed by him at his own expense. Neither the defendant nor his counsel made any objection to going to trial on the day when the case was set. For all the record shows to the contrary, they were desirous of having the case speedily tried and determined. No suggestion is made of any fact to show prejudice to the defendant, resulting from the short space of time between the indictment and the trial. It is not claimed that any witnesses could have been obtained other than those who testified, or that anything could have been done in behalf of the defendant other than what was done. There is nothing in the record to justify this court in concluding that the defendant did not have a fair trial, and full opportunity to make his defense.

The judgment is affirmed.