By the Court.
Christian Snyder was indicted at the September term of the common pleas court of Stark county in the year 1912 for the crime of rape with consent, the indictment, omitting its formal parts, reading as follows: “That Christian ' Snyder, late of said county on or about the 4th day of June in the year of our Lord one thousand nine hundred and ten, at the c.ounty of Stark, aforesaid, said Christian Snyder being then and there a male person of the age of eighteen years and upward, did then and there unlawfully and knowingly carnally know and abuse one R. P., with *168 her consent, she, the said R. P., then and there being a female person under the age of sixteen years, to-wit, of the age of fourteen years, contrary to the statute in such case made and provided and against the peace and dignity of the state of Ohio.”
He was tried on this indictment at the January term of common pleas court of Stark county of the year 1913. The judge of the court of common pleas, among other things, charged the jury in substance that the indictment included the crime of rape with consent, the crime of assault and battery and the crime of assault. The jury returned a verdict as follows: “We, the jury impaneled and sworn to well and truly try and true deliverance make between the state of Ohio and the prisoner at bar, Christian Snyder, do find the defendant not guilty of carnally knowing and abusing R. P. with her consent as he stands charged in the indictment, and not guilty of assault and battery, but we do find the defendant guilty of assault as he stands charged in the indictment.”
The defendant did not file a motion for a new trial, but filed a motion asking the court to discharge the defendant on a number of grounds, all based upon the contention, however, that the crime of assault is not contained within said indictment. The motion was overruled by the court of common pleas, error was prosecuted to the court of appeals of Stark county and the holding of the common pleas court was affirmed.
The manner of presentation of the question the court is called upon to determine does not bring *169 before us the record; hence the evidence upon which the trial court and jury acted is not here for consideration. In no manner, therefore, are we advised as to what acts of the defendant were disclosed by the evidence upon which the trial judge based his instructions to the jury and upon which the jury, applying those instructions, returned its verdict. In the absence of a bill of exceptions showing the contrary it must be presumed that the proceedings in the trial court were in every respect regular. We are informed by briefs of counsel that the trial court charged the jury that the indictment included within its term the crime of rape with consent, the crime of assault and battery and the crime of assault. The only complaint made by plaintiff in error is that under an indictment charging him with rape with consent he was found guilty of the offense of assault. He contends that such conviction was erroneous for the reason that the offense of assault is not included in the terms of such indictment. It must be presumed that the trial court, having charged the jury that the offense of assault was included within the indictment, so clearly defined that offense that the jury understood its essential elements, and in the absence of a record it may be assumed, if necessary to sustain the verdict, that the evidence showed force was used and an actual assault committed.
In the case of The State v. Carl, 71 Ohio St., 259, this court has held that upon trial of a defendant charged with having carhal knowledge of a female under sixteen years of age with her consent, evidence showing that the act was committed *170 “by force does not constitute a fatal variance. In that case the court held that the phrase “with her consent” does not define an essential element of the crime charged, and that consequently the indictment would not have been rendered fatally defective if such phrase had been entirely omitted. '--The judge announcing the opinion says: “In this regard the effect of the statute is to nullify the consent of the female under sixteen years of age. It is as if with respect to such persons the provision was that the crime shall be complete notwithstanding her consent.” Such is the rule adopted in many other states. It is true that in some of them the statutory provisions are slightly different from ours. In some of them the statute is entirely silent upon the matter of consent; others contain the phrase “with or without her consent.” In those states the courts have held that force is conclusively presumed, and that a female under the age of consent is conclusively presumed to be incapable of giving her consent. Among such decisions the following are cited: Murphy v. State, 120 Ind., 115, 22 N. E. Rep., 106; Liebscher v. State, 69 Nebr., 395, 95 N. W. Rep., 870; Loose v. State, 120 Wis., 115, 97 N. W. Rep., 526, and Proper v. State, 85 Wis., 615, 55 N. W. Rep., 1035.
We have no inclination to extend in the least the application of the decision in the case of Smith v. The State, 12 Ohio St., 466. We are rather in accord with the rule adopted in many states and applied in The State v. Carl, supra, and which has in several jurisdictions been so extended as to hold that a female under the age of consent, being in *171 capable of consenting to the act of sexual intercourse, is equally incapable of consenting to the incipient advances of the- offender or to the familiarity with her person, which necessarily precede the consummation of the act. Such advances, being a touching of the person in a rude and insolent manner, constitute an assault.
Rape with consent is constituted of the same elements as rape without consent, and one of the elements of rape is assault, and if under such a charge an assault be proved, but not the rape, the defendant may be convicted of assault. It is to be observed that the charge made by this indictment is that the defendant “did carnally know and abuse.” The latter term is defined to mean “an injury to the genital organs in an attempt at carnal knowledge, falling short of actual penetration.”
Upon the' sole question of law presented, our conclusion is that upon trial on an indictment charging that the defendant, being a male person of the age of eighteen years, carnally knew and abused a female under sixteen years of age with her consent, an instruction by the court that the indictment includes the offense of assault is not erroneous, and that, where the evidence warrants, a conviction of assault in such case should be sustained.
The judgment of the court of appeals is, therefore, affirmed.

Judgment affirmed.

Nichols, C. J., Johnson, Wanamaker and Matthias, JJ., concur.