Submitted on record and briefs July 8, 1985, affirmed February 12, 1986

In the Matter of Lazaros Karabetsis,
a child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY,
*Respondent,*

*v.*

KARABETSIS,
*Appellant.*

(84-262; CA A34329)

713 P2d 1075

Robert A. Ford, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain,

Jr., Solicitor General, and Ann F. Kelley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Appellant, who is 13 years old, appeals from an order of disposition of the juvenile court finding him to be within its jurisdiction, placing him in his father's custody and placing him on probation, subject to certain conditions. We review *de novo*, ORS 419.561(4); *State ex rel Juv. Dept. v. Qutub*, 75 Or App 298, 300, 706 P2d 962, *rev den* 300 Or 332 (1985), and affirm.

The petition which initiated the proceedings alleged that appellant was within the jurisdiction of the juvenile court[1] because he had engaged in sexual intercourse with his nine-year-old sister, in violation of ORS 163.375.[2] At the factfinding hearing, the victim refused to testify on the ground that she might incriminate herself.[3] The court ruled that she could not be compelled to testify in the absence of a grant of immunity from the state. The state declined to grant her immunity and relied on the testimony of a CSD caseworker and a police officer to prove its case. Citing OEC 803(18a),[4] appellant objected to any testimony concerning their discussion with the victim beyond the fact that she had made a complaint of sexual misconduct. They testified not only that the victim had reported sexual abuse but also testified in detail

---

[1] ORS 419.476(1)(a) provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * *."

[2] ORS 163.375(1)(b) provides:

"(1) A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(b) The female is under 12 years of age * * *."

[3] In an *in camera* hearing, the victim stated she had lied when she reported that appellant had sexually abused her. She refused to testify, because she feared that she would be prosecuted for making a false report.

[4] OEC 803(18a) provides:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:

"(18a) A complaint of sexual misconduct made by the prosecuting witness after the commission of the alleged offense. Such evidence must be confined to the fact that the complaint was made."

concerning the substance of her complaints. The trial judge ruled that their testimony was admissible under OEC 803(24).[5] They also testified that appellant had confessed to them that he had had sexual intercourse with the victim.

Appellant makes two assignments of error. First, he contends that the trial court erred in admitting the testimony concerning the details and substance of the victim's complaints. Second, he asserts that the trial court erred in denying his motion for acquittal, because there was insufficient corroboration of his confession as required by ORS 136.425(1).

We agree with appellant that the trial court erred in admitting the testimony under OEC 803(24). *State v. Campbell,* 299 Or 633, 638-40, 705 P2d 694 (1985). However, on *de novo* review we reach the same result, even after excluding the evidence. Under OEC 803(18a), the fact that the victim made a complaint of sexual misconduct was admissible. As discussed below, the portion of the witness' testimony that was admissible under OEC 803(18a) was sufficient corroboration of appellant's confession.

Turning to the second assignment, ORS 136.425(1) provides:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in

---

[5] OEC 803(24) provides:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:

"(24)(a) A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that:

"(A) The statement is relevant;

"(B) The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

"(C) The general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence.

"(b) A statement may not be admitted under this subsection unless the proponent of it makes known to the adverse party the intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing, or·as soon as practicable after it becomes apparent that such statement is probative of the issues at hand, to provide the adverse party with a fair opportunity to prepare to meet it."

evidence against the defendant when it was made under the influence of fear produced by threats; *nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed.*" (Emphasis supplied.)

The requirement of "some other proof" means "evidence from which the jury may draw an inference that tends to establish or prove that a crime has been committed." *State v. Lerch,* 296 Or 377, 398, 677 P2d 678 (1984).

In *State v. Campbell, supra,* 299 Or at 646-47, the court concluded that evidence admitted under OEC 803(18a) that the victim made a complaint of sexual misconduct was sufficient evidence under ORS 136.425(1) to corroborate a confession concerning that misconduct. It interpreted OEC 803(18a) as allowing admission of enough of the victim's declaration " 'to show the nature of the complaint, even though it involves to some extent the particulars thereof.' " 299 Or at 646, quoting *State v. Haworth,* 143 Or 495, 497-98, 21 P2d 1091 (1933). It then stated:

> "* * * In this case, the mother could testify that 'on March 20, 1981, at 5 p.m. at my home while seated in the recliner chair in the front room my three-year-old told me that a person licked her tee-tee.' The mother could explain the child's normal use of the expression 'tee-tee' without violating the hearsay rule." 299 Or at 646.

It concluded that a "complaint from a three-year-old that a person 'licked her tee-tee' is certainly 'some other evidence' sufficient to corroborate the confession of the defendant." 299 Or at 647.[6]

Here, the CSD caseworker and the police officer interviewed the victim together. The CSD worker asked the victim whether she was having any problems with her brother (the appellant). The victim initially replied that he was physically abusing her. The CSD worker testified:

> "I asked her if there were other problems and it's then that she started to talk about the sexual problems and said that he had, 'done it to her.' I questioned her further about what that

---

[6] The court, however, remanded the case to the trial court, because the defendant's right to confront the witnesses against him under Article I, section 11, of the Oregon Constitution had not been satisfied. Defendant has not raised any confrontation issues in this case.

meant and she described several sexual activities including fondling and sexual intercourse and anal intercourse."

She then proceeded to explain in some detail what the victim reported had occurred between her and appellant. The police officer testified that the victim said that appellant had been sexually abusing her since she was five and that he had forced her to touch his penis and had had sexual and anal intercourse with her. He also testified in further detail concerning what the victim had said.

■       Both the CSD worker and the police officer testified that the victim identified appellant as her assailant when she made her report of sexual misconduct. Cases decided before *State v. Campbell, supra,* held that testimony as to the identity of the assailant was inadmissible under the hearsay exception in question. *See, e.g., State v. Whitman,* 72 Or 415, 143 P 1121 (1914); *State v. Hackett,* 49 Or App 857, 621 P2d 609 (1980); *State v. Wilson,* 20 Or App 553, 532 P2d 825 (1975). We need not decide whether that is still true after the Supreme Court's broad interpretation of OEC 803(18a) in *Campbell,* because the admissible evidence that the victim had told the witnesses that *someone* had had sexual intercourse with her is sufficient to corroborate appellant's confession under ORS 136.425(1). Therefore, even though the testimony beyond the fact that the victim had made a complaint of sexual misconduct was improperly admitted, that error does not effect our decision, because there is sufficient admissible evidence to corroborate appellant's confession. On *de novo* review, we hold that appellant's confession together with the evidence that the victim reported that someone had had sexual intercourse with her establishes beyond a reasonable doubt[7] that appellant is

[7] ORS 419.500(1) provides in part:

"The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in ORS 419.476(1), unless admitted, must be established by a preponderance of competent evidence. However, in the adjudicative phase of a hearing where a finding of jurisdiction may result in institutionalization under ORS 419.509(1), the facts must be established beyond a reasonable doubt. * * *"

ORS 419.509(1) provides:

"A child placed in the legal custody of the Children's Services Division shall be placed in a juvenile training school or in a private institution operated as a training school for children requiring secure custody in the following cases and no other:

within the jurisdiction of the juvenile court.

Affirmed.

.

.

---

"(a) The child is found to be within the jurisdiction of the juvenile court by reason of a ground set forth in ORS 419.476(1)(a); and

"(b) The juvenile court having jurisdiction so orders."